UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN R. GRIMES AND § <br> TIFFANY GRIMES, § <br> § <br> Plaintiffs, § <br> § <br> V. § <br> § <br> NATIONWIDE PROPERTY AND § <br> CASUALTY INSURANCE COMPANY § <br> AND WILLIAM STANLEY § <br> LAWRENCE, § <br> § <br> Defendants. § | Civil Action No. 4:10-cv-4625 |

## MEMORANDUM AND ORDER

Before the Court is Defendant Nationwide's Partial Motion to Dismiss Plaintiffs' First Amended Complaint Under Rule 8, 9(b), and 12(b)(6) ("Motion to Dismiss"). (Doc. No. 18.) After considering the Motion to Dismiss, all responses and replies thereto, and the applicable law, the Court determines that it must be **GRANTED** in part and **DENIED** in part.

I. BACKGROUND[1]

Steven R. Grimes and Tiffany Grimes (collectively, "Plaintiffs") are the owners of a Texas Homeowner's Insurance Policy ("the Policy"), which was issued by Nationwide Property and Casualty Insurance Company ("Nationwide"). In September 2008, Plaintiffs' insured property ("the Property") suffered damage from Hurricane Ike. Plaintiffs explain that water leaked through the roof of their home, damaging ceilings,

---

[1] All facts are taken from Plaintiffs' First Amended Complaint. (Doc. No. 17.)

1

walls, insulation, drywall, and flooring. According to Plaintiffs, their home also sustained substantial structural and exterior damage. In addition, Plaintiffs contend, their fence, gate, and storage shed were damaged by the storm.

After the storm, Plaintiffs immediately submitted a claim to Nationwide pursuant to the Policy for damages caused by Hurricane Ike. In their claim, Plaintiffs state, they asked Nationwide to cover the cost of repairs to the Property. According to Plaintiffs, Nationwide then assigned William Lawrence ("Lawrence") as the individual adjuster on the claim. Plaintiffs insist that Lawrence's inspection of the property on November 14, 2008 was substandard. Indeed, Lawrence allegedly spent only 45 minutes inspecting their home, and did not even climb onto the roof. Plaintiffs believe the shortcomings of Lawrence's investigation are evident from his report, which did not include many of their covered damages. For example, Plaintiffs point out, the report did not mention damage to the storage shed and gate. Furthermore, Plaintiffs allege, Lawrence undervalued damages in his report by providing only $458.21 to repair the roof, despite the need for entire roof replacement. Plaintiffs argue that Lawrence also failed to include the costs of labor for roof repair, or account for overhead and profit, when making his estimate. Indeed, Plaintiffs aver, Lawrence purposely estimated the damages to equal the exact amount of Plaintiffs' deductable.

As a result of the unreasonable investigation, Plaintiffs claim, they were considerably underpaid. Due to the mishandling of their claim, Plaintiffs believe they were also delayed in their ability to fully repair their home, resulting in additional damages. To date, Plaintiffs insist, they have yet to receive full payment under the Policy. Plaintiffs further contest that their experience is not an isolated case; indeed, Plaintiffs

claim that Nationwide has a practice or policy of manipulating Hurricane Ike claims so as to reach favorable outcomes for the company at the expense of policyholders.

Plaintiffs brought this lawsuit against Nationwide and Lawrence (collectively, "Defendants") in state court. The case was removed pursuant to this Court's diversity jurisdiction. Nationwide then filed a Motion to Dismiss. The Court issued an Order granting Plaintiffs the opportunity to file an amended complaint addressing the issues raised in the Motion to Dismiss. In that Order, the Court also denied Nationwide's Motion to Dismiss without prejudice to renewal after Plaintiffs filed their amended complaint.

Plaintiffs filed their First Amended Complaint in June. In the Amended Complaint, Plaintiffs bring claims against Lawrence for violations of Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7). Against Nationwide, Plaintiffs allege breach of contract, breach of the duty of good faith and fair dealing, and violations of Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), 541.060(a)(7), 542.055, 542.056, and 542.058. Plaintiffs allege that both Defendants committed fraud and conspiracy to commit fraud.

Nationwide then filed this Motion to Dismiss seeking dismissal of Plaintiffs' extra-contractual claims. Nationwide argues that Plaintiffs have failed to meet the standards of Federal Rule of Civil Procedure 8 because, with regard to Plaintiffs' non-contractual claims, their First Amended Complaint contains a standard fact pattern applicable to almost all Hurricane Ike lawsuits. Furthermore, Nationwide insists, all of Plaintiffs' non-contractual claims must meet the heightened pleading standards of Federal

Rule of Civil Procedure 9(b), which they fail to do. As Plaintiffs do not properly plead their non-contractual claims under either Rule 8 or Rule 9(b), Nationwide avers, the non-contractual claims should be dismissed.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, No. 05-30976, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted

unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950. The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

Allegations of fraud, however, must meet the stricter standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). The Fifth Circuit has explained that "Rule 9(b) requires 'the who, what, when, where, and how' [of the alleged fraud] to be laid out." *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). "'A

dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6).'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997)).

Rule 9(b)'s particularity requirement is "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Id.* at 185 (quotations and footnote omitted). Thus Rule 9(b) "requires only simple, concise, and direct allegations of the circumstances constituting fraud, which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *Id.* at 186 (internal quotations omitted). The requirements of Rule 9(b) also "apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998) (quotations omitted).

### III. ANALYSIS

The Court will first determine which of Plaintiffs' non-contractual claims must meet the heightened pleading requirements of Rule 9(b), and which need only meet Rule 8(a). The Court will then analyze whether any of the non-contractual claims survives the Motion to Dismiss. Ultimately, the Court disagrees with Nationwide that all of Plaintiffs' non-contractual claims must satisfy Rule 9(b). Instead, only Plaintiffs' claims for fraud, conspiracy to commit fraud, and violation of Texas Insurance Code § 541.060(a)(1) must meet Rule 9(b). Although Plaintiffs' claims for fraud and conspiracy to commit fraud are not plead with particularity and thus must be dismissed, Plaintiffs' § 541.060(a)(1) claim

6

survives. Of Plaintiffs' remaining claims, the claims for violations of the duty of good faith and fair dealing, and for violations of Texas Insurance Code §§ 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7), and 542.058, satisfy Rule 8(a). Plaintiffs do not state a claim for which relief can be granted under §§ 541.060(a)(4), 542.055, and 542.056 of the Texas Insurance Code.

### A. Fraud and Conspiracy to Commit Fraud

Plaintiffs allege that Defendants committed fraud and conspiracy to commit fraud. According to Plaintiffs, Defendants' representations concerned material facts. Plaintiffs claim that the statements contained in Defendants' estimates are untrue and constitute misrepresentations. Specifically, Nationwide stated: "[The estimate] represents the amount to restore your damaged property to its pre-loss condition. This estimate contains our valuation of the damages for the reported loss and was prepared using reasonable and customary prices for your geographic area." Plaintiffs insist that this statement is false, as Nationwide's prices in adjusting Hurricane Ike claims do not reflect local market values. Plaintiffs furthermore allege that Nationwide and Lawrence knew of that statement's falsity at the time it was made. According to Plaintiffs, Lawrence possessed special knowledge superior to that possessed by Plaintiffs, and thus was well aware that Plaintiffs would be unable to properly repair their damages based on the estimates he created. Plaintiffs state that they "relied upon the actions and statements of Lawrence and Nationwide by not repairing the damages for lack of funds, and/or making temporary repairs using their own limited out-of-pocket funds, further prolonging Plaintiffs' hardship of living in a damaged house." Indeed, Plaintiffs allegedly purchased Nationwide's policy in the first place because Nationwide represented in its Policy that

covered damages would be insured against loss. Plaintiffs claim that these misrepresentations were material and were made knowingly or recklessly without knowledge of their truth. Without the misrepresentations, Plaintiffs believe, they "would not have acted as they did." Indeed, Plaintiffs allege, Defendants intended that Plaintiffs act upon the misrepresentations.

With regard to their conspiracy to commit fraud claim, Plaintiffs argue that Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. According to Plaintiffs, Defendants sought through their conspiracy to secure a favorable outcome for Nationwide by not paying policyholders' claims, or alternatively by paying as little as possible, at the expense of those policyholders. Plaintiffs state that, "[i]n reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Nationwide and Lawrence committed an unlawful, overt act to further the object or course of action," causing injury to Plaintiffs as a proximate result.

Plaintiffs have failed to meet the heightened pleading demands of Rule 9(b) for their fraud and conspiracy to commit fraud claims. Under Texas law, the elements of fraud are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Potter*, 607 F.3d at 1032. To state a claim for fraud, Plaintiffs must show justifiable reliance, which is measured by inquiring whether

"given a fraud plaintiff's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud[,] it is extremely unlikely that there is actual reliance on the plaintiff's part." *Grant Thorton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010) (quotations and footnote omitted). It appears from Plaintiffs' First Amended Complaint that Plaintiffs knew Defendants' statement was false and that the estimate was undervalued. *See also Mason v. Texas Farmers Ins. Co.*, No. 4:09–CV–03134, 2011 WL 3702376 (S.D. Tex. Aug. 23, 2011) (stating that plaintiffs provided no evidence of detrimental reliance, as the gravamen of the lawsuit was that they dispute the insurance assessment); *Mayes v. Stewart*, 11 S.W.3d 440, 451 (Tex.App.-Houston [14th Dist.] 2000) ("If the person to whom a false representation is made is aware of the truth, it is obvious that he is neither deceived nor defrauded, and, therefore, any loss he may sustain is not traceable to the representation but is self-inflicted." (internal quotations omitted)). If Plaintiffs were aware that the statement was false, they could not have acted in reliance on the representations. Plaintiffs also attempt to show that the original insurance policy was fraudulent. Yet Plaintiffs have offered no facts suggesting that Defendants knew the statements in the original policy were false, or made the representations recklessly with the intent that Plaintiffs rely on them. Therefore, Plaintiffs do not meet the heightened pleading requirements of Rule 9(b) for their fraud claim.

Similarly, for their conspiracy to commit fraud claim to survive, Plaintiffs "must 'plead with particularity the conspiracy as well as the overt acts … taken in furtherance of the conspiracy.'" *Kanneganti*, 565 F.3d at 193 (quoting *FC Inv. Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008)). Plaintiffs recite the elements of a

conspiracy claim without providing particular details as to the conspiracy itself or the overt acts taken in furtherance of the conspiracy. Therefore, Plaintiffs' conspiracy to commit fraud claim fails.

### B. Duty of Good Faith and Fair Dealing

Plaintiffs allege that Nationwide breached its common law duty of good faith and fair dealing. "An insurer has a common law duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817, 822 (Tex.App-El Paso 2011) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995)). "A breach of the duty of good faith and fair dealing is established when: (1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy and (2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim." *Republic Ins. Co.*, 903 S.W.2d at 340 (quotations and citation omitted). An insurer thus breaches this duty if it denies a claim when it knows or should know that it is reasonably clear the claim is covered. *Aleman*, 343 S.W.3d at 822 (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997)). The duty is also breached if an insurer fails to reasonably investigate a claim. *Id.* (citing *Giles*, 950 S.W.2d at 56). As fraudulent conduct is not necessary to state a claim for breach of common law duty of good faith and fair dealing, Plaintiffs need only meet the requirements of Rule 8(a).

Plaintiffs allege that, in calculating their payment, Nationwide relied entirely upon a report that wrongfully minimized Plaintiffs' losses. For example, Plaintiffs state, Lawrence failed to properly inspect the roof, undervalued the damage to the roof and interior, omitted labor costs, and failed to account for overhead and profit in the report.

10

Indeed, Plaintiffs insist, Lawrence purposely undervalued damage to Plaintiffs' dwelling so as to ensure the estimate amount would equal Plaintiffs' deductable. According to Plaintiffs, Lawrence intended that his report would serve as a basis for denying or underpaying their claim. Nationwide allegedly approved that investigation and estimate. Thus, Plaintiffs contend, Lawrence and Nationwide did not inspect and evaluate Plaintiffs' home as they would inspect their own homes. As the investigation and evaluation were not reasonable, Plaintiffs claim, Nationwide lacked a reasonable basis for denying or only partially paying for Plaintiffs' covered damages. Taken together, these facts suggest that Nationwide unreasonably investigated the claim, lacked a reasonable basis for denying or delaying payment for benefits under the plan, and knew that the denial or underpayment was unreasonable. Viewed in the light most favorable to Plaintiffs, the First Amended Complaint states a plausible claim for relief on their claims for breach of the duty of good faith and fair dealing.

### C. The Texas Insurance Code

Plaintiffs allege Defendants violated Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7), 541.060(a)(4), 542.055, 542.056, and 542.058. The Court will review each section in turn.

#### i. Texas Insurance Code § 541.060

Plaintiffs claim that Defendants violated multiple provisions of Texas Insurance Code § 541.060. First, Plaintiffs claim that Defendants misrepresented to Plaintiffs material facts relating to the coverage at issue, in violation of § 541.060(a)(1). That provision states that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to … misrepresent[] to a claimant a material fact

11

or policy provision relating to coverage at issue." Tex. Ins. Code § 541.060(a)(1). The gravamen of this claim is fraud, as it concerns reliance on material misrepresentations. *Potter*, 607 F.3d at 1032. Therefore, Plaintiffs must meet the heightened pleading requirements of Rule 9(b). Plaintiffs meet this standard, as they provide details as to "'the who, what, when, where, and how'" of the misrepresentations. *Benchmark Electronics, Inc.*, 343 F.3d at 724 (quoting *Williams*, 112 F.3d at 177). Plaintiffs offer facts showing that Defendants misrepresented the damage to their home and the amount of money they were owed for those damages. Therefore, Plaintiffs' claims for violations of § 541.060(a)(1) survive the Motion to Dismiss.

Plaintiffs' other claims under § 541.060 need not meet the heightened pleading requirements of Rule 9(b). Plaintiffs allege that Defendants violated § 541.060(a)(2)(A) because they did not attempt to settle Plaintiffs' claim in a fair manner, despite the fact that they were aware of their liability. That section prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of … a claim with respect to which the insurer's liability has become reasonably clear." Plaintiffs' claim under § 541(a)(2)(A) does not rest on allegations of fraud, as that section does not concern reliance on material representations. Therefore Plaintiffs need only meet the pleading requirements of Rule 8(a). As explained above in III(B), Plaintiffs provide facts suggesting that Nationwide failed, in good faith, to attempt to effectuate a prompt, fair, and equitable settlement of their claims. Similarly, Plaintiffs offer facts suggesting that Lawrence did not effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims, as he was responsible for producing the inaccurate report. Therefore, Plaintiffs state plausible claims for relief under § 541(a)(2)(A).

Next, Plaintiffs argue that Defendants violated § 541.060(a)(3), which states that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to … fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Fraud is not the gravamen of this claim, as it does not concern reliance on material misrepresentations. Thus, Plaintiffs do not need to meet the heightened pleading requirements of Rule 9(b). Plaintiffs state that Lawrence failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement. Indeed, Plaintiffs claim, Lawrence did not even explain why he omitted damage to the gate and storage shed, or why he provided only a small amount to repair the roof when it required full replacement. Similarly, Plaintiffs contend, Nationwide did not explain why it approved an estimate that excluded damage to the shed and gate, and only provided a nominal amount for roof repair when it should have provided for complete roof replacement. When viewed in the light most favorable to Plaintiffs, the Complaint states a claim upon which relief can be granted. Plaintiffs' claims under § 541.060(a)(3) should not be dismissed.

Plaintiffs also allege that Defendants failed to fully compensate Plaintiffs as required according to the terms of the Policy, despite their failure to conduct a reasonable investigation. Specifically, Plaintiffs assert, Defendants' investigation was outcome-oriented, biased, unfair, and inequitable. As a consequence, Plaintiffs aver, Defendants violated Texas Insurance Code § 541.060(a)(7). That section prohibits refusal to pay a claim without conducting a reasonable investigation with respect to that claim. Plaintiffs need not meet the requirements of Rule 9(b), as § 541.060(a)(7) is not substantively

based on fraud. Plaintiffs offer facts showing that Defendants' investigation was unreasonable. Plaintiffs state that Lawrence performed a substandard inspection of the property by spending only 45 minutes inspecting the home, failing to even get on the roof for inspection, excluding many of Plaintiffs' covered damages, undervaluing Plaintiffs' damages, and declining to include in the report costs for overhead, profit, and labor. Indeed, Plaintiffs aver, his report was not in keeping with either Nationwide's approved best estimating practices or the Texas Department of Insurance's bulletin on the application of overhead and profit. Presumably, a reasonable investigation may have lasted for more time, included a roof inspection, and led to the production of a proper report. Nationwide, in turn, approved Lawrence's inaccurate estimate. Interpreted in the light most favorable to Plaintiffs, these facts establish a grounds for relief, as they show that Defendants conducted an unreasonable investigation. Therefore Plaintiffs meet the requirements of Rule 8(a). Plaintiffs' claims under § 541.060(a)(7) survive the Motion to Dismiss.

Plaintiffs' remaining claim under § 541.060, although not subject to the requirements of Rule 9(b), does not survive the Motion to Dismiss. Plaintiffs allege that Nationwide failed to affirm or deny coverage of their claim within a reasonable time, in violation of § 541.060(a)(4). Furthermore, Plaintiffs contend, Lawrence did not include in his report a letter of explanation as to why full payment was not being made, also in violation of that section. This claim is not based on fraud, and therefore must be held to only the standard of Rule 8(a). Yet Plaintiffs plead no facts suggesting that Defendants failed to affirm or deny coverage within a reasonable time. Indeed, Plaintiffs provide no details as to the timing of Lawrence's report or Defendants' denial of full coverage.

14

Plaintiffs also do not offer facts showing that Defendants did not submit a reservation of rights. Therefore, Plaintiffs' claim under § 541.060(a)(4) must be dismissed.

## ii. *Texas Insurance Code § 542.055*

Plaintiffs further allege that Nationwide violated § 542.055, which concerns receipt of notice of a claim. Specifically, Plaintiffs state that Nationwide did not request items or statements that would further its investigation of Plaintiffs' damages. This failure, Plaintiffs insist, constitutes a non-prompt payment of claims in violation of § 542.055. This section provides that "[n]ot later than the 15th day or, if the insurer is an eligible surplus lines insurer, the 30th business day after the date an insurer receives notice of a claim, the insurer shall: (1) acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at the time, will be required from the claimant." As it does not involve reliance on material misrepresentations, § 542.055 does not rest on allegations on fraud. Therefore, Plaintiffs need only meet the pleading requirements of Rule 8(a). Yet Plaintiffs do not provide facts suggesting that Nationwide failed to request all information that Nationwide believed was reasonably necessary to investigate Plaintiffs' claim. Although their Amended Complaint need not contain detailed factual allegations, Plaintiffs must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Plaintiffs recite the elements of § 542.055 without providing supporting facts that could give rise to a claim under that provision. Therefore, Plaintiffs' claim under § 542.055 must be dismissed.

## iii. *Texas Insurance Code § 542.056*

15

Plaintiffs claim that Nationwide violated Texas Insurance Code § 542.056 by failing to notify Plaintiffs in writing of its acceptance or rejection of their claim within the applicable time constraints. As this provision does not require fraudulent conduct, the stringent requirements of Rule 9(b) do not apply. Nonetheless, Plaintiffs have not provided any facts to support its allegation that Nationwide did not accept or deny their claim within the statutorily mandated time. Indeed, Plaintiffs provide no details as to the length of time between their submissions and Nationwide's response. Therefore, Plaintiffs do not state a claim upon which relief can be granted under § 542.056.

>            *iv.         Texas Insurance Code § 542.058*

Finally, Plaintiffs allege that Nationwide violated Texas Insurance Code § 542.058, which concerns delays in payments of claims. Specifically, that section states that "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060." Tex. Ins. Code § 542.058(a). The gravamen of this section is not fraud, as it requires only that a defendant wrongfully reject a claim. *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F.Supp.2d 938, 964 (E.D. Tex. 2011). Therefore Plaintiffs need only meet the requirements of Rule 8(a). Plaintiffs state that Nationwide continues to delay full payment of their claim, even after inspecting their damaged property. These alleged facts provide sufficient grounds to state a claim for relief under § 542.058.

**IV.    CONCLUSION**

The Court concludes that Plaintiffs' claims for fraud and conspiracy to commit fraud must be dismissed because they fail to meet the pleading requirements of Rule 9(b). Plaintiffs' claims under Texas Insurance Code §§ 541.060(a)(4), 542.055 and 542.056 do not satisfy Rule 8(a), and so must also be dismissed. Plaintiffs' remaining claims survive the Motion to Dismiss. For the above stated reasons, Nationwide's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

**SIGNED** on this the 22nd day of November, 2011.

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**